UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTURY SURETY COMPANY<br><br>Plaintiff,<br><br>- against –<br><br>EURO-PAUL CONSTRUCTION CORP.,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br><br>DECLARATORY JUDGMENT<br>COMPLAINT<br><br>ECF CASE |

Century Surety Company ("Century"), by and through its attorneys, Marshall Conway &

Bradley, P.C., as and for its declaratory judgment complaint alleges, upon knowledge with

respect to itself and its own acts and upon information and belief as to all other matters, as

follows:

### NATURE OF THE CASE

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201

concerning Defendant Euro-Paul Construction Corp.'s ("Euro-Paul) claim for insurance

coverage under an insurance policy issued by Century relating to a lawsuit entitled *Bogdan*

*Choinski and Krzysztof Glowacki v. So. Westchester Realty Associates, L.P., IJZ Associates,*

*Inc. and Agency Construction Corp.;* and an associated Third-Party Action entitled *So.*

*Westchester Realty Associates, L.P. v. Agency Construction Corp., IJZ Associates, Inc., and*

*Euro-Paul Contracting Corp.*, Supreme Court of the State of New York, County of Queens,

Index No. 9979/13 (the "Underlying Action" or the "*Choinski* Action") initiated by Bogdan

Choinski and Krzysztof Glowacki with respect to injuries they allegedly sustained in a

construction accident.

2.     Defendant Euro-Paul demanded that Century defend and indemnify them with

1

respect to the Underlying Suit under a certain policy of insurance issued by Century.

3.      Century agreed to defend Euro-Paul in the Underlying Suit under a partial disclaimer and reservation of rights, and continues to defend Euro-Paul in the action.

4.      Century files this lawsuit in order to obtain a declaration that it has no obligation to defend or indemnify Euro-Paul respect to the Underlying Suit.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because this action arises between citizens of different states and meets the jurisdictional requirement for the amount in controversy.

6.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue in this District is proper under 28 U.S.C. § 1391(c)(1) because the defendant, Euro-Paul, maintained their principal offices in this District and are subject to personal jurisdiction in this District, and because the underlying accident, i.e. the events or omissions giving rise to the claim, allegedly occurred at SWRA's property located at 7 Odell Plaza Yonkers, NY 10701.

## PARTIES

8.      Plaintiff, Century Surety Company ("Century"), is a corporation authorized and existing under the laws of the State of Ohio with its principal place of business in the State of Michigan.

9.      At all relevant times, Defendant Euro-Paul Construction Corp. was a New York corporation with its principal executive office located at 5526 69 Place, Maspeth, New York  11378.

## FACTUAL BACKGROUND

10.     Century issued Commercial Lines Policy Number CCP 801699 to Euro-Paul

Construction Corp for the policy period January 16, 2013 to January 16, 2014 (hereinafter,

the "Policy"). (*See*, **Policy # CCP 801699, annexed hereto as Exhibit "A".**)

11.     In relevant part, the Policy provided Commercial General Liability coverage

to Euro-Paul with a $1,000,000 per occurrence limit.

12.     The Century Policy includes the following "Action Over Exclusion":

**ACTION OVER EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that the following change is made to Coverage A.2. Exclusions:

Exclusion **e. Employer's Liability** is deleted in its entirety and replaced with the following:

**e.       Employer's Liability**

"Bodily injury" to:

**(1)**     An "employee" of the named insured arising out of and in the course of:

    **(a)**     Employment by the named insured; or

    **(b)**     Performing duties related to the conduct of the named insured's business; or

       ***

**This exclusion applies:**

**(1)**     Whether the named insured may be liable as an employer or in any other capacity; and

**(2)**     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

13.     In or about May 2013, Bogdan Choinski and Krzysztof Glowacki commenced

an action in the Supreme Court of the State of New York entitled *Bogdan Choinski and*

*Krzysztof Glowacki v. So. Westchester Realty Associates,* Supreme Court of the State of New York, County of Queens, Index No. 9979/13 (the "First Underlying Action"), alleging injuries resulting from a dangerous and unsafe condition of an elevated work site. **(A copy of the Complaint in the First Underlying action is annexed hereto as Exhibit "B".)**

14.     In or about March 2014, So. Westchester Realty Associates, L.P. ("SWRA") commenced a Third-Party action entitled *So. Westchester Realty Associates, L.P. v. Agency Construction Corp., IJZ Associates, Inc., and Euro-Paul Inc.*, Supreme Court of the State of New York, County of Queens, Index No. 9979/13 (the "SWRA Third-Party Action"). **(A copy of the Complaint in the SWRA Third-Party Action is annexed hereto as Exhibit "C".)**

15.     In or about September 2013, Bogdan Choinski and Krzysztof Glowacki commenced a separate action in the Supreme Court of the State of New York entitled *Bogdan Choinski and Krzysztof Glowacki v. Agency Construction Corp.,* Supreme Court of the State of New York, County of Queens, Index No. 18710/2013 (the "Second Underlying Action"), alleging injuries resulting from a dangerous and unsafe condition of an elevated work site. **(A copy of the Complaint in the Second Underlying action is annexed hereto as Exhibit "D".)**

16.     In or about December 2013, Agency Construction Corp. ("Agency") commenced a third-party action entitled *Agency Construction Corp. v. IJZ Associates, Inc. and Euro-Paul Contracting Corp.*, Supreme Court of the State of New York, County of Queens, Index No. 18710/2013 (the "Agency Third-Party Action"). **(A copy of the Complaint in the Agency Third-Party Action is annexed hereto as Exhibit "E".)**

17.     The First and Second Underlying Actions have been consolidated by the Court into a single action referred to herein as the "Choiniski Action" or the "Underlying Action."

18.     Bogdan Choinski was an employee of Euro-Paul at the time the subject accident occurred.

19.     Krzysztof Glowacki was an employee of Euro-Paul at the time the subject accident occurred.

20.     Century begs leave to refer to the full terms, conditions, provisions endorsements and exclusions of the Century Policy at the time of trial.

21.     An actual controversy exists between the parties as to their rights and obligations under the Century Policy.

22.     Circumstances exist that justify a determination by this Court, pursuant to 28 U.S.C. 2201, of the rights and obligations of the parties under the Century Policy, and that determination will be beneficial to both plaintiff and defendants.

23.     Century has no adequate remedy at law.

## FIRST CAUSE OF ACTION

24.     Century repeats, reiterates, and re-alleges all allegations of the Complaint as if fully set forth herein.

25.     Bogdan Choinski and Krzysztof Glowacki, plaintiffs in the Underlying Action, were employees of Euro-Paul at the time of the accident alleged in the Underlying Action.

26.     Pursuant to the "Action Over Exclusion" which modifies the Employers' Liability Exclusion, the Century Policy excludes coverage for "bodily injury" to employees of the Named Insured, Euro-Paul Construction Corp.

27.     The "Action Over Exclusion" applies to preclude coverage to the Named Insured whether the named insured may be liable as an employer or in any other capacity, including claims for indemnification and judgment over against the Named Insured by other parties.

28.     Century is entitled to a declaratory judgment that Euro-Paul is not entitled to defense or indemnification in the Underlying Action, or for any Third-Party claims arising from the subject accident, under the Century Policy.

**WHEREFORE**, Century respectfully requests that this Court issue a declaratory judgment that:

a.      Euro-Paul Construction Corp. is not entitled to defense or indemnification with respect to the lawsuit entitled *Bogdan Choinski and Krzysztof Glowacki v. So. Westchester Realty Associates, L.P., IJZ Associates, Inc. and Agency Construction Corp.;* and the associated Third-Party Action entitled *So. Westchester Realty Associates, L.P. v. Agency Construction Corp., IJZ Associates, Inc., and Euro-Paul Contracting Corp.*, Supreme Court of the State of New York, County of Queens, Index No. 9979/13, under the Century Policy;

b.      Century has no duty to defend or indemnify Euro-Paul Construction Corp. with respect to the lawsuit entitled *Bogdan Choinski and Krzysztof Glowacki v. So.

*Westchester Realty Associates, L.P., IJZ Associates, Inc. and Agency Construction Corp.;* and the associated Third-Party Action entitled *So. Westchester Realty Associates, L.P. v. Agency Construction Corp., IJZ Associates, Inc., and Euro-Paul Contracting Corp.*, Supreme Court of the State of New York, County of Queens, Index No. 9979/13; and

c.     Granting Plaintiffs such other and further relief as this Court may deem just, proper and equitable.

## JURY DEMAND

Century demands trial by jury of all issues so triable in this cause.

Dated: September 14, 2016
      New York, New York

                            MARSHALL CONWAY & BRADLEY, P.C.
                            By: Christopher T. Bradley  (CTB4725)
                            45 Broadway, Suite 740
                            New York, New York 10006
                            (212) 619-4444

                            Attorneys for Plaintiff
                            Century Surety Company